Chattar v. Lynch

BIA
A075 695 441
A095 302 021

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> REENA RAGGI,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

ABDUR CHATTAR, AKA JOHN FRANCIS
CRUZE, NOOR BAHAR, AKA MUKTI
FRANCISCA CRUZE,
> *Petitioners,*

> v.                                          14-423
>                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        Amy Nussbaum Gell, Gell & Gell,
                        New York, NY.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
                        General; Edward J. Duffy, Paul
                        Fiorino, Senior Litigation Counsel,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Abdur Chattar and Noor Bahar, married natives and citizens of Bangladesh, seek review of a January 16, 2014, decision of the BIA denying their motion to reconsider and reopen. *In re Abdur Chattar, Noor Bahar*, Nos. A075 695 441/A095 302 021 (B.I.A. Jan. 16, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case. Petitioners do not contest the agency's conclusion that, to the extent their motion is construed as a motion to reconsider, it was untimely.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1).

2

Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movants' failure to establish a prima facie case for the underlying substantive relief sought. *INS v. Abudu*, 485 U.S. 94, 104-05 (1988). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not abuse its discretion in denying Petitioners' motion for failure to demonstrate their prima facie eligibility for withholding of removal. Petitioners contend that they met their burden based on evidence documenting a recent surge in attacks against religious minorities in Bangladesh. However, the BIA considered this evidence and reasonably concluded that isolated incidents of violence against Christians in some parts of Bangladesh were insufficient to show a reasonable possibility that Petitioners would likely be singled out for persecution. *See id.* at 161-62; *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009).

3

The BIA also did not err in denying Petitioners' motion for failure to demonstrate their prima facie eligibility for relief under the Convention Against Torture ("CAT"). The BIA reasonably concluded that the country conditions evidence did not show that the government of Bangladesh would acquiesce in their prospective torture. *See Khouzam v. Ashcroft*, 361 F.3d 161, 170-71 (2d Cir. 2004) (noting that applicant for CAT relief must show that torture would be perpetrated with the government's consent, acquiescence, or willful blindness).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4